UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| JIMMY CHESTER and wife, <br> DEBRA CHESTER, <br><br> Plaintiffs, <br><br> v. <br><br> LORI LYNN ATKINS and husband, <br> KEITH ATKINS, *et al.*, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) No.: 3:04-CV-214 <br> ) (VARLAN/SHIRLEY) <br> ) <br> ) <br> ) <br> ) |

## **MEMORANDUM OPINION**

This civil action is before the Court on plaintiff's Motion to Amend Complaint and Remand to State Court [Doc. 26] and defendant Dunn's Motion to Dismiss [Doc. 17]. Defendant Dunn's motion to dismiss is based upon paragraph 15 of plaintiff's complaint. That same paragraph 15 is also the subject of plaintiff's motion to amend and remand. Therefore, the Court will consider plaintiff's motion to amend first, followed by defendant Dunn's motion to dismiss.

Plaintiff's motion to amend seeks to revise paragraph 15 of the complaint to withdraw allegations of violations of federal statutes and allege only violations of state statutes. [*See* Doc. 26-2]. Based on this amendment, plaintiff suggests that the Court should remand the case to state court because no federal claims would remain. Defendant Dunn has not raised any objection to the amendment, and the time for doing so has passed. *See* E.D.TN. L.R. 7.1(a), 7.2.

Fed. R. Civ. P. 15(a) requires a district court to grant leave to amend "freely . . . when justice so requires." It is also well-settled that the plaintiff in a non-diversity action, such as this, is the master of his complaint, and he should be allowed to shape the contours of the litigation as he sees fit. *See, e.g., Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392-94 (1987). Therefore, plaintiffs' Motion to Amend Complaint [Doc. 26] will be granted.

It is apparent that the purpose of plaintiffs' motion to amend the complaint was to divest this court of jurisdiction after the case was properly removed by defendants. It is, of course, well settled that plaintiffs may not do so. *See, e.g., St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 292 (1938) (plaintiff may not take action to defeat federal jurisdiction and force remand after case was properly removed).

Thus, while plaintiffs cannot unilaterally divest this Court of jurisdiction, the Court must consider whether it should retain supplemental jurisdiction over plaintiffs' state law claims after the dismissal or withdrawal of all federal claims. The applicable statute provides:

> The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if –
> (1) the claim raises a novel or complex issue of State law,
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c). In the present case, the Court, having allowed plaintiffs to amend their complaint, has in effect dismissed all claims over which it had original jurisdiction. As a

consequence, the only claims remaining are those plaintiffs raise under state law. It is not the type of case for resolution in federal court absent any diversity of citizenship.

Therefore, this Court, in its discretion, will decline to exercise supplemental jurisdiction over the remaining state law claims. *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) ("Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well."). The Court may remand rather than dismiss those claims. See Long v. Bando Mfg. of Am., Inc., 201 F.3d 754, 761 (6th Cir. 2000). Because this case was originally filed in the Circuit Court for Blount County, Tennessee, [*see* Doc. 1-2] the Court is of the opinion that a remand, rather than a dismissal without prejudice, is appropriate.

For the reasons set forth above, defendant Dunn's Motion to Dismiss [Doc. 17] will be denied as moot.

ORDER ACCORDINGLY.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE